UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CARL S. FULMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:11-cv-00389-TWP-TAB |
| M & M TRANSPORT SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

ENTRY ON MOTION TO DISMISS

This matter is before the Court on Defendant M&M Transport Services, Inc.'s ("M&M")
Motion to Dismiss Plaintiff's Second Amended Complaint or, In the Alternative, Cap Plaintiff's
Damages (Dkt. 87).  This matter is set for trial on Monday, August 5, 2013, and a final pretrial
conference on Friday, July 19, 2013.  On June 26, 2013, M&M filed a motion to dismiss
contending that this Court lacks subject matter jurisdiction over this action; therefore, the
dispositive motion deadline does not apply.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court
determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the
action.").  Although the Court finds that M&M's motion is properly before the Court, Mr.
Fulmore has established that he does have standing to proceed.  For the reasons discussed below,
M&M's Motion to Dismiss (Dkt. 87) is **DENIED in part** and the Alternative Motion is under
advisement**.**

I.  BACKGROUND

On March 12, 2009, Plaintiff, Carl Fulmore ("Mr. Fulmore"), filed for relief under
Chapter 13 of the United States Bankruptcy Code.  On March 24, 2010, while the Chapter 13
proceeding was still pending, Mr. Fulmore filed a charge of discrimination with the Equal

Employment Opportunity Commission ("EEOC").  Second and third EEOC charges were filed on May 7, 2010 and June 5, 2010, respectively.  After receiving Notice of Right to Sue from the EEOC on the three charges on December 28, 2010, Mr. Fulmore filed the current action on March 21, 2011.  Mr. Fulmore's Chapter 13 proceeding is still pending and is nearing completion.  Mr. Fulmore first disclosed the current case to the Bankruptcy Court on June 26, 2013, by amending his schedules to include this action.  Mr. Fulmore has also requested that his attorney in this action be employed by the Bankruptcy Estate, which would require all funds received in this action to be remitted to the Chapter 13 Trustee for distribution.  Dkt. 103-2 at 2.

## II.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  The burden of proof is on the party asserting jurisdiction. *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999).  In determining whether subject matter jurisdiction exists, the court must accept all well-pleaded facts alleged in the complaint and draw all reasonable inferences from those facts in the plaintiff's favor. *Id.*

## III.  DISCUSSION

At the time M&M filed its motion, Mr. Fulmore—to M&M's knowledge—had not disclosed this civil action to the Bankruptcy Court.  In Chapter 13 proceedings, all of a debtor's property, including legal claims, is also considered property of a Chapter 13 bankruptcy estate. 11 U.S.C. §§ 541(a)(1), 1306(a)(1); *In re Willett*, 544 F.3d 787, 791 n.3 (7th Cir. 2008). "Debtors have a continuing duty to schedule newly acquired assets while the bankruptcy case is open." *Rainey v. United Parcel Serv., Inc.*, 465 Fed. App'x 542, 544 (7th Cir. 2012).  However, because the debtor remains in possession of the estate, he or she can pursue legal claims for the benefit of the estate. *Id.*  When a legal claim is concealed from the bankruptcy court, a debtor

may not pursue the claim after the bankruptcy is closed.  *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006).  "But as long as the bankruptcy proceedings are ongoing . . . a Chapter 13 debtor can inform the trustee of previously undisclosed legal claims, and unless the trustee elects to abandon that property, the debtor may litigate the claims on behalf of the estate and for the benefit of the creditors without court approval."  *Rainey*, 466 Fed. App'x at 544.

Mr. Fulmore responds that on June 26, 2013, just one hour before M&M filed its motion with the Court, he amended his Chapter 13 Schedules to include the current action.  Thereafter, an Application to Employ Mr. Fulmore's counsel in this action was filed with the Bankruptcy Court.

From the record before the Court, it is apparent that the Court retains subject matter jurisdiction over this action.  Although Mr. Fulmore had not previously disclosed this action to the Bankruptcy Court, he has since amended his Schedules.  Seventh Circuit law provides that unless the Trustee abandons the legal claim on behalf of the Estate, Mr. Fulmore may pursue this action on behalf of his Estate.

Having determined that Mr. Fulmore has standing to pursue the action on behalf of the bankruptcy estate, the next issue before the Court is to determine if Mr. Fulmore's damages should be capped under the doctrine of judicial estoppel.  The issue of whether judicial estoppel prevents Mr. Fulmore from seeking damages beyond the amount of the Chapter 13 Plan, is less clear.  Therefore, the Court will hear argument from the parties regarding M&M's alternative request to cap the damages at the Final Pretrial Conference.

## IV.  CONCLUSION

Accordingly, M&M's Motion to Dismiss is **DENIED in part**.  The Court finds that it has subject matter jurisdiction over this action; however, the Court withholds judgment on M&M's

alternative motion to cap Mr. Fulmore's damages and will hear argument on the issue at the Final Pretrial Conference on Friday, July 19, 2013, at 10:30 a.m., in the Birch Bayh Federal Courthouse, Room 344.[1]

       **SO ORDERED.**

Date: 07/18/2013

                                      Hon. Tanya Walton Pratt, Judge
                                      United States District Court
                                      Southern District of Indiana

DISTRIBUTION:

Richard L. Darst
COHEN GARELICK & GLAZIER
rdarst@cgglawfirm.com

Melissa S. Vare
JACKSON LEWIS LLP
varem@jacksonlewis.com

Michael W. Padgett
JACKSON LEWIS LLP
padgettm@jacksonlewis.com

Craig W. Wiley
JACKSON LEWIS LLP - Indianapolis
craig.wiley@jacksonlewis.com

---

[1] Please note that the Final Pretrial Conference location has been moved from Room 330 to Courtroom 344.