UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARL S. FULMORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:11-cv-00389-TWP-TAB |
| ) | |
| M & M TRANSPORT SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

## ENTRY ON MOTIONS *IN LIMINE*

This matter is before the Court on Defendant M&M Transport Services, Inc.'s ("M&M") two Motions *in Limine* (Dkts. 80, 81). The Court previously granted in part and denied in part M&M's motion for partial summary judgment (Dkt. 62), and denied M&M's motion to dismiss for lack of subject matter jurisdiction (Dkt. 109). The case is proceeding to trial on Monday, August 5, 2013 on Plaintiff, Carl S. Fulmore's ("Mr. Fulmore") claim of hostile work environment and claim under the Indiana Wage Claims Statute. The parties are scheduled for a Final Pretrial Conference on Friday, July 19, 2013, at 10:30 a.m. In the current motions, M&M seeks to exclude evidence of actions or remarks made outside of Mr. Fulmore's presence or not directed at Mr. Fulmore—described as "second-hand evidence"—and evidence of the previously adjudicated claims for racially disparate treatment and retaliation. M&M has also incorporated objections to Mr. Fulmore's exhibits, and the Court resolves those objections below. For the following reasons, M&M's motions are **GRANTED in part** and **DENIED in part**.

## I. BACKGROUND

The facts of this case are set forth at length in the Court's Entry on Defendant's Motion for Partial Summary Judgment (Dkt. 62). In short, Mr. Fulmore was an over-the-road truck

driver employed by M&M. During his employment, which lasted from December 6, 2006 until February 22, 2010, Mr. Fulmore claims he was subjected to a racially hostile work environment. Mr. Fulmore also brought claims that he received racially disparate treatment and was retaliated against for filing EEOC charges. Finding that Mr. Fulmore could not establish a *prima facie* case of disparate treatment because he did not produce evidence that his performance met his employer's legitimate expectations, the Court granted M&M's summary judgment on Mr. Fulmore's disparate treatment claim. The Court also found that Mr. Fulmore had not engaged in a Title VII protected activity which would allow a Title VII retaliation claim. Additional facts will be discussed below as necessary.

## II. LEGAL STANDARD

The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id*. at 1400-01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id*. at 1401.

## III. DISCUSSION

**A.     M&M's First Motion *in Limine* (Dkt. 80)**

M&M requests the Court prohibit Mr. Fulmore "from introducing evidence regarding or related to actions or remarks made outside the presence of [Mr. Fulmore] or not directed at [Mr. Fulmore] ("second-hand evidence")." Dkt. 80 at 1. M&M contends that such evidence is inadmissible under Federal Rules of Evidence 401, 402, and 403. Specifically, M&M argues

that for a hostile work environment claim, "individual comments or other acts occurring outside of [Mr. Fulmore's] presence and of which he was not aware are simply not relevant." Dkt. 80 at 2 (citing *Mason v. S. Ill. Univ. at Carbondale*, 233 F.3d 1036, 1046 (7th Cir. 2000)).

In *Mason*, the plaintiff brought a hostile work environment claim against his supervisor and appealed the district court's evidentiary ruling excluding evidence of racial remarks made outside of the plaintiff's presence. Specifically, the court analyzed whether evidence that coworkers harassed the plaintiff was relevant to plaintiff's claim that his supervisor created the hostile work environment. *Id.* at 1044. In its analysis, the court noted that:

> [i]f a plaintiff claims that he is suffering a hostile work environment based on the conduct of coworkers *and* supervisors, then under the Supreme Court's totality of the circumstances approach, *Farager [v. City of Boca Raton*, 524 U.S. 775, 786 (1998)], all instances of harassment by all parties are relevant to proving that his environment is sufficiently severe or pervasive.

*Id.* at 1044–45 (additional citation omitted). However, the court stated there was a "clear problem" with the plaintiff's evidence of coworker comments: "Mean-spirited or derogatory behavior of which a plaintiff is unaware, and thus never experiences, is not 'harassment' of the plaintiff (severe, pervasive, or other). Thus, for alleged incidents of racism to be relevant to showing the severity or pervasiveness of the plaintiff's hostile work environment, the plaintiff must know of them." *Id.* at 1046. A key element missing in *Mason* was the plaintiff's knowledge of the comments that occurred outside his presence. *See id.* at 1047 (noting that it was not apparent from the record that the plaintiff was ever *told* about the comments or knew about them).

Here, Mr. Fulmore's Amended Complaint alleges that white employees and managers used racially hostile words, made racially hostile statements, and told racially hostile jokes. The Amended Complaint also alleges that Mr. Fulmore and other employees reported this behavior to

the managers, who failed to take appropriate action. Thus, Mr. Fulmore has alleged that he had knowledge of the evidence that M&M seeks to exclude. Given the court's focus in *Monroe*, the Court finds that evidence that coworkers made racially hostile statements outside the presence of Mr. Fulmore may be admissible to the extent Mr. Fulmore was aware of the statements. However, if it becomes clear that Mr. Fulmore was not aware of the statements, and therefore never experienced the harassment, such evidence would be irrelevant. But for the purposes of M&M's Motion *in Limine*, the Court cannot order the exclusion of such evidence due to relevancy issues.

Alternatively, M&M contends that such evidence has little probative value and would confuse or mislead the jury. The Court finds that such determinations are better addressed when the content of such evidence is known at trial. At this time, the Court does not find that the evidence M&M seeks to exclude, of which the content is unclear, is overly prejudicial or misleading. Therefore, M&M's First Motion *in Limine* is **DENIED**.

**B.     M&M's Second Motion *in Limine* (Dkt. 81)**

Next, M&M requests that the Court prohibit Mr. Fulmore "from introducing evidence regarding or related to [Mr. Fulmore's] previously adjudicated claims of racially disparate treatment and retaliation, all United States [EEOC] determinations related to this cause of action, and all EEOC case files related to this cause of action." Dkt. 81 at 1. M&M contends that such evidence is inadmissible under Federal Rules of Evidence 401, 402, and 403.

   **1.     Previously Adjudicated Claims**

First, M&M argues that the Court's Entry granting M&M's motion for partial summary judgment fully adjudicated Mr. Fulmore's disparate treatment and retaliation claims, and "any additional evidence concerning those claims is not material to the remaining claims." Dkt. 81 at

4

3. M&M argues that any probative value is outweighed by the risk of unfair prejudice and confusion to the jury. Specifically, M&M objects to Mr. Fulmore's Exhibits 3, 4, and 5, which are documents reflecting safety bonuses he received from M&M during his employment, and Exhibit 6, which is a document purporting to be Mr. Fulmore's request for appeal of his termination. M&M argues that such evidence is entirely irrelevant to Mr. Fulmore's hostile work environment and Indiana Wage Claims Statute claims.

Mr. Fulmore relies upon the *Isaacs* and *Bright v. Hill's Pet Nutrition* trio of cases. *See Isaacs v. Hill's Pet Nutrition, Inc.*, 485 F.3d 383 (7th Cir. 2007); *Bright v. Hill's Pet Nutrition, Inc.*, 510 F.3d 766 (7th Cir. 2007) [hereinafter *Bright* I]; *Bright v. Hill's Pet Nutrition, Inc.*, 342 Fed. App'x 208 (7th Cir. 2009) [hereinafter *Bright* II]. Mr. Fulmore argues that the *Bright* cases stand for the proposition that there is but "one cause of action for sex discrimination, not a separate action for harassment and a separate claim for discrimination." Dkt. 95 at 2. However, these cases do not support Mr. Fulmore's position. In *Isaacs*, the court reversed summary judgment and ordered a jury trial because a hostile work environment is treated as one unlawful employment practice. 485 F.3d at 385. Thus it was error for the district court to exclude evidence that fell outside the 300-day scope of the administrative filings. *Id.* In *Bright* I, the court reversed the same district court and ordered a second jury trial for a co-plaintiff because the district court limited the evidence presented to the jury based the same reasoning rejected in *Isaacs*. 510 F.3d at 769. Finally, in the unpublished opinion in *Bright* II, the court remanded for a third jury trial after the district court misinterpreted the ruling in *Bright* I as applying only to the plaintiff's hostile environment claim. 34 Fed. App'x at 209. The court opined that "the district court's parsing of plaintiff's contentions into five separate claims is unwarranted. A hostile work environment is actionable *as* sex discrimination; there are not distinct 'claims' for

hostile work environment and sex discrimination." *Id*. The court went on: "Once we held that there is a single unlawful practice at issue in this lawsuit, the district court should not have tried to slice the plaintiff's contentions into five claims, withholding four of them from the jury." *Id.* at 209–10.

Although the *Bright* court stated that there are not distinct claims for hostile work environment and discrimination, Seventh Circuit cases routinely treat harassment and disparate treatment as unique claims with specific requirements. *See, e.g.*, *Passananti v. Cook Cnty.*, 689 F.3d 655, 659 (7th Cir. 2012) (reinstating jury's verdict as to liability on hostile work environment claim despite finding that discriminatory termination claim lacked evidentiary support). More importantly, however, the Court has previously held that Mr. Fulmore lacked the evidentiary support for his disparate treatment and retaliation claims, or theories, of race discrimination. Further, the admission of evidence is a matter left to the Court's discretion, and evidence supporting adjudicated claims or theories, but irrelevant for the issues remaining for trial are rightly excluded. For example, in *Hernandez v. HCH Miller Park Joint Venture*, 418 F.3d 732, 736 (7th Cir. 2005), the court noted that it was not error for the district court to exclude evidence of "sexually harassing" bathroom graffiti when the plaintiff had not brought a hostile work environment claim.

With that in mind, at this time, the Court cannot discern how evidence that Mr. Fulmore received safety bonuses would be relevant to his claim for hostile work environment or his claim under the Indiana Wage Claims Statute. Nor does evidence that Mr. Fulmore attempted to appeal his termination appear to be relevant. Therefore, the Court **SUSTAINS** M&M's objections to Mr. Fulmore's Exhibits 3, 4, 5, and 6. If however, as the trial unfolds Mr. Fulmore believes he can show relevance of these exhibits, he is free to request a hearing out of the

presence of the jury on the admissibility of these exhibits. *See United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (emphasizing that an order either granting or denying a motion in *limine* is "a preliminary decision . . . subject to change based upon the court's exposure to the evidence at trial").

In a similar vein, the Court further **GRANTS** M&M's second Motion *in Limine* as it relates to evidence regarding the previously adjudicated claims brought by Mr. Fulmore.

### 2. EEOC Proceedings

Second, M&M argues that the EEOC determinations of reasonable cause are irrelevant to the remaining issues in this case. M&M further argues that any probative weight attributed to the EEOC determinations, which only apply to the previously adjudicated disparate treatment and retaliation claims, is outweighed by the risk of unfair prejudice and confusion to the jury. M&M specifically objects to Mr. Fulmore's exhibits 7 and 9, consisting of Mr. Fulmore's EEOC charges, as well as exhibits 8 and 11, consisting of the reasonable cause determinations.

M&M argues that a jury "cannot determine the proper weight of an EEOC determination of reasonable cause without knowing the evidence an EEOC investigator utilized to make his or her determination and whether that evidence is admissible in court." Dkt. 81 at 5 (citing *Silverman v. Bd. of Educ. of City of Chi.*, 637 F.3d 729, 733 (7th Cir. 2011)). *Silverman* also states, "[t]hat worth of effort will rarely add much to the probative value of the admissible evidence that is actually submitted to the court or jury for a de novo decision on the merits." 637 F.3d at 733. The court also noted the "greater risks of prejudice, misinterpretation, and delay" that presenting such evidence to the jury could cause. *Id.* at 732. The Court therefore agrees with M&M that the EEOC reasonable cause determinations hold little probative value and that value is outweighed by the risk of unfair prejudice and confusion to the jury. Additionally, the

Court finds that Mr. Fulmore's EEOC charges are not probative evidence. Mr. Fulmore is free to testify about and admit evidence that supports his hostile work environment claim without submitting his EEOC charges into evidence. The EEOC charges also contain allegations regarding the previously adjudicated claims, which the Court excluded as evidence above. For these reasons, the Court **SUSTAINS** M&M's objections to Mr. Fulmore's exhibits 7, 8, 9, and 11. The Court also notes, as M&M pointed out in its Reply, that Mr. Fulmore has not listed the EEOC evidentiary filings as an exhibit. Regardless, the Court would not allow the EEOC case filings to be admitted, although Mr. Fulmore would be free to introduce such relevant evidence individually and independent from the EEOC case filings. Therefore, the Court **GRANTS** M&M's second Motion *in Limine* as it relates to evidence regarding the EEOC charges, reasonable cause determinations, and case filings.

## IV.  CONCLUSION

For the reasons set forth above, M&M's first Motion *in Limine* (Dkt. 80) is **DENIED**. M&M's second Motion *in Limine* (Dkt. 81) is **GRANTED**. The Court **SUSTAINS** M&M's objections to Mr. Fulmore's exhibits 3, 4, 5, 6, 7, 8, 9, and 11. As stated earlier, an order granting or denying a motion in limine is "a preliminary decision . . . subject to change based upon the court's exposure to the evidence at trial." If, as the trial unfolds, either party wishes to renew its arguments regarding the issues set forth in the motions in imine, they are free to do so.

**SO ORDERED.**

Date: 07/18/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Richard L. Darst
COHEN GARELICK & GLAZIER
rdarst@cgglawfirm.com

Melissa S. Vare
JACKSON LEWIS LLP
varem@jacksonlewis.com

Michael W. Padgett
JACKSON LEWIS LLP
padgettm@jacksonlewis.com

Craig W. Wiley
JACKSON LEWIS LLP - Indianapolis
craig.wiley@jacksonlewis.com