**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| CARL S. FULMORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:11-cv-00389-TWP-TAB |
| | ) |
| M & M TRANSPORT SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON DEFENDANT'S MOTION TO CAP DAMAGES**

This matter is before the Court on Defendant M&M Transport Services, Inc.'s ("M&M") Motion to Cap Plaintiff's Damages (Dkt. 87).  Plaintiff Carl S. Fulmore ("Mr. Fulmore") currently has pending a Chapter 13 bankruptcy proceeding in the U.S. Bankruptcy Court for the Southern District of Indiana, Case Number 09-02908-RLM-13, which was filed on March 12, 2009.  The lawsuit herein was filed over two years later, on March 21, 2011.  A Chapter 13 Plan ("the Plan") was confirmed on February 12, 2010, under which Mr. Fulmore was to pay $27,730.00 over a 60 month period with the last payment being due on March 12, 2014. Consistent with the Plan, Mr. Fulmore has been making payments and currently has $2,244.20 left to pay under the Plan.

Prior to June 26, 2013, the current lawsuit had not been disclosed to the Bankruptcy Trustee as part of Mr. Fulmore's Chapter 13 schedules, as required.  *See In re Willett*, 544 F.3d 787, 791 n.3 (7th Cir. 2008).  M&M contends that Mr. Fulmore's late disclosure of the current lawsuit triggers the doctrine of judicial estoppel such that Mr. Fulmore's damages should be capped to the amount left owed under the Bankruptcy Plan.  For the reasons set forth below, the Court disagrees and thus M&M's motion (Dkt. 87) is **DENIED**.

## I. LEGAL STANDARD

"Judicial estoppel is an equitable doctrine."  *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006).  The doctrine is designed to prevent parties from "prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another case." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (citing *Pegram v. Herdrich*, 530 U.S. 211, 227 n. 8 (2000)).  The Supreme Court has recognized three factors that help aid the decision of whether to apply the doctrine in a particular case, but these factors were not intended to "establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel."  *Id.* at 750.  The factors are:  "First, a party's later position must be 'clearly inconsistent' with its earlier position"; "[s]econd, . . . whether the party has succeeded in persuading a court to accept that party's earlier position, so that the judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled"; third, "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."  *Id.* (citations omitted).

The doctrine of judicial estoppel applies to debtors in Chapter 13 cases. *DeLeon v. Comcar Industries, Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003). Judicial estoppel bars a plaintiff from asserting claims previously undisclosed to the bankruptcy court where plaintiff both knew about the undisclosed claims and had a motive to conceal them from the bankruptcy court, and applies equally to Chapter 13 cases. *Burnes v. Pemco Aeroplex, Inc.*, 291 F.2d 1282 (11th Cir. 2002). A debtor's failure to disclose claims is inadvertent only when he is either unaware of the claims or has no motive to conceal the claims. *Jethroe v. Omnova Solutions, Inc.,* 412 F.3d 598, 600-01 (5th Cir.2005).

## II. DISCUSSION

M&M contends that Mr. Fulmore intentionally concealed the current lawsuit from the Bankruptcy Court, thus the doctrine of judicial estoppel should apply.  In the bankruptcy context, the Seventh Circuit has held that when a debtor receives a discharge by concealing the existence of a legal action, he or she cannot wait until the bankruptcy ends and then pursue the concealed claim.  *See Cannon-Stokes*, 453 F.3d at 448.  M&M argues that although Mr. Fulmore's bankruptcy case has not closed, Mr. Fulmore has nonetheless shown a motive to conceal the claims and should be prevented from personally benefiting from the current lawsuit.

Specifically, M&M argues that Mr. Fulmore waited to reveal this lawsuit to the Bankruptcy Court until after being "caught" by M&M.  M&M's recitation of this fact is correct; on June 10, 2013, M&M contacted the Bankruptcy Trustee's office to inquire if it had ever been informed of Mr. Fulmore's lawsuit against M&M.  The Trustee's office informed M&M that it was not aware, and subsequently contacted Mr. Fulmore.  The Trustee's contact with Mr. Fulmore set in motion the formal disclosure, filing of amended schedules, an application for Mr. Fulmore's counsel in this action to be employed by the Estate, and a motion to pay the proceeds of this lawsuit into the Bankruptcy Plan.

In contrast, Mr. Fulmore contends that any failure to disclose this lawsuit was inadvertent and he had no motive to conceal the lawsuit from the Bankruptcy Court. At the hearing on July 19, 2013, before the Court, Mr. Fulmore's counsel stated that Mr. Fulmore immediately informed his bankruptcy attorney of the matter herein when he filed the current lawsuit.  Mr. Fulmore says he did not hide his bankruptcy from M&M as he disclosed the Bankruptcy Plan and Order in response to discovery requests in December 2011. Additionally,  Mr. Fulmore

and his counsel in this lawsuit claim they were both aware that the lawsuit should be included as an asset in the Chapter 13 schedules.

M&M cites *Wiggins v. Citizens Gas & Coke Utility*, No. 1:03-cv-1882-SEB-JMS, 2008 WL 4530679 (S.D. Ind. Oct. 7, 2008) for support. In *Wiggins*, the plaintiff filed an EEOC charge on July 1, 2002, then two months later filed a Chapter 7 bankruptcy. *Id.* at *1. Nearly a year later, the plaintiff's debts were discharged. Thereafter, the plaintiff joined in a suit in 2005, against defendant, in which he specifically denied filing a personal bankruptcy action after June 1, 2002. In fact, the plaintiff had filed for bankruptcy on September 25, 2002. *Id.* Seven days before the lawsuit was set for trial, the defendant filed a notice with the court of the plaintiff's bankruptcy filing, and soon after filed a motion to dismiss. *Id.* The defendant argued judicial estoppel should apply to dismiss the plaintiff's claims or "that any monetary recovery be capped at the amount of all valid and allowed claims" in the plaintiff's bankruptcy proceeding. *Id.* The court found that there was "no doubt" that the plaintiff was aware of his claims against the defendant when he filed for bankruptcy and held that he was "bound by the actions of his counsel and by his own signatures on his bankruptcy filings." *Id.* at *3. It was not enough that the plaintiff reopened his bankruptcy and filed amended disclosures, because the "cases are uniform that corrective action taken only after being 'caught' and compelled to do so by one's opponent is too late; it is not a defense to the application of judicial estoppel." *Id.* Therefore, the court capped the plaintiff's damages in the lawsuit to the amount of his creditors' claims. *Id.* at *5.

The Court distinguishes *Wiggins* and the similar case *Williams v. Hainje*, 375 Fed. App'x 625 (7th Cir. 2010), on the grounds that in both of those cases the plaintiffs intentionally omitted their civil lawsuits from their bankruptcy schedules and received great benefits from the

4

concealment. Here, unlike in *Williams* or *Wiggins*, there is not strong evidence that Mr. Fulmore

intentionally concealed this lawsuit for gain, exercised deliberate or intentional manipulation or

that he received a substantial benefit from the failure to disclose. Additionally, unlike in *Wiggins*,

Mr. Fulmore's Chapter 13 Plan is still ongoing, and he has filed a Motion to Modify the

Confirmed Chapter 13 Plan to reflect any monies recovered from this lawsuit. Moreover, the

factors enumerated by the Supreme Court are not entirely present in this case, given the

uncertainty of how the Plan may be amended. Although the facts suggest Mr. Fulmore may have

waited until he was "caught," the Court finds that his swift corrective action cures the previous

concealment. The Bankruptcy Court and Trustee are now on notice of this lawsuit. If and when

any monies are received, the Court trusts that the Bankruptcy Court will proceed accordingly.

### III. CONCLUSION

For the reasons set forth above, M&M's Motion to Cap Plaintiff's Damages (Dkt. 87) is

**DENIED**.


        **SO ORDERED**.


Date: _07/23/2013_____

                                        _____
                                        Hon. Tanya Walton Pratt, Judge
                                        United States District Court
                                        Southern District of Indiana

DISTRIBUTION:

Richard L. Darst
COHEN GARELICK & GLAZIER
rdarst@cgglawfirm.com

Melissa S. Vare
JACKSON LEWIS LLP
varem@jacksonlewis.com

Michael W. Padgett
JACKSON LEWIS LLP
padgettm@jacksonlewis.com

Craig W. Wiley
JACKSON LEWIS LLP - Indianapolis
craig.wiley@jacksonlewis.com