UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARL S. FULMORE, ) | |
|     ) | |
|     Plaintiff, ) | |
|     ) | |
| vs. ) | |
|     ) | Case No. 1:11-cv-00389-TWP-TAB |
| M&M TRANSPORT SERVICES, INC., ) | |
|     ) | |
|     Defendant. ) | |

**ENTRY ON DEFENDANT'S OBJECTION TO EVIDENCE**

This matter is before the Court on Defendant M&M Transport Services, Inc.'s ("M&M") Objection to Evidence Regarding Remarks Allegedly Made by Norman Brennan (Dkt. 113). M&M contends that Plaintiff Carl S. Fulmore ("Mr. Fulmore") failed to disclose allegations that his immediate supervisor Norman Brennan ("Mr. Brennan") made racially hostile statements or told offensive jokes; therefore Mr. Fulmore should be precluded from presenting this evidence at trial. Mr. Fulmore responds that Mr. Brennan was disclosed in the initial disclosures as having knowledge of the case and that Mr. Fulmore's amended complaint did not limit evidence of racial hostility to Gary McCormick ("Mr. McCormick") and Rick Sperry ("Mr. Sperry"). M&M Transport now raises an objection under Federal Rule of Civil Procedure 37(c). For the reasons stated below, M&M's objection (Dkt. 113) is **OVERRULED**. However, Mr. Fulmore is **ORDERED** to submit a summary of the evidence consistent with the instructions herein.

**I.   BACKGROUND**

This matter is scheduled for trial by jury on Monday, August 5, 2013. The final pretrial conference was held on July 19, 2013. The agenda for the conference included a review of the parties' witness lists to determine who will testify and the subject of their testimony. Mr.

1

Fulmore reported that witness Amin Makin will testify that while employed by M&M, Norman Brennan made racially offensive and/or hostile remarks. M&M objects to this evidence on the basis that prior to the final pretrial conference; it had no knowledge of Mr. Fulmore's contention that an employee with supervisory authority had made racially hostile comments. Mr. Fulmore argues that because Mr. Brennan was on the initial list referenced in his answers to interrogatories, this evidence should not be precluded.

## II. DISCUSSION

Rule 37(c)(1) states in relevant part that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Whether such a failure is justified or harmless is left to the broad discretion of the Court. *Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 515 (7th Cir. 2011); *Westefer v. Snyder*, 422 F.3d 570, 584 n.21 (7th Cir. 2005). While the Court need not make explicit findings when determining if the failure was substantially justified or harmless, the Court is guided by four factors: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012); *Westefer*, 422 F.3d at 584 n.21.

Rule 26(a)(1) requires initial disclosures including the name and contact information of "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Rule 26(e)(1) requires that a "party who has made a

2

disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response."

In M&M's request for interrogatories to Mr. Fulmore, it asked for the identities of "white employees" alleged to have made racially hostile statements and offensive jokes. In response, Mr. Fulmore directed M&M to his "Initial Disclosures, lists of witnesses, and documents produced." Dkt. 113-1 at 6. The initial disclosures list both Mr. Brennan and Mr. Amin as witnesses and states: "This person has knowledge concerning the subjects of race discrimination, retaliation, and damages." However, because the documents cited by Mr. Fulmore contained no specific remarks, M&M presumed that there was no evidence that Brennan or any other employee with supervisory control over Mr. Fulmore had made racially hostile and offensive comments. M&M asserts that Mr. Fulmore has ignored his obligations under the discovery rules and should have provided all the information requested, including supplementing those answers throughout the litigation as necessary. Specifically, M&M argues it "reviewed the documents produced by [Mr.] Fulmore and those documents contained no information regarding race-related remarks by [Mr.] Brennan or any other supervisory employee." Dkt. 116 at 2.

The Court will analyze M&M's objection under the four factors outlined by the Seventh Circuit listed above. First, in the Court's view, Mr. Fulmore's responses to interrogatories were non-responsive to M&M's specific requests, and responsive answers likely would have disclosed Mr. Brennan as an alleged wrongdoer. Therefore, the belated disclosure of Mr. Brennan making racially hostile remarks this close to trial does create prejudice and surprise. However, M&M did not follow-up on Mr. Fulmore's failure to answer its own requests with specificity. Mr. Brennan and Mr. Makin were indeed on the list of witnesses as persons having knowledge of the facts in this case. As stated earlier, Mr. Makin was said to have "knowledge concerning the

subjects of race discrimination and retaliation, and damages." Dkt. 113-2 at 2. The Court recognizes that Mr. Fulmore did not fully respond to the interrogatories, but likewise finds M&M has had substantial time to seek statements, depositions, or further discovery from Mr. Fulmore about the nature of the proposed witnesses' testimony. The Court is persuaded by Mr. Fulmore's position that because Mr. Brennan, as well as Amin Makin—the witness who Mr. Fulmore stated would testify as to Mr. Brennan's statements—were on the initial list referenced in his answers to interrogatories, M&M should not have presumed that Mr. Brennan was not alleged to have made racially hostile statements or offensive jokes. Therefore, M&M cannot on the eve of trial claim prejudice for its presumption, which was furthered in part, by its own inaction.

Second, although there is little time before trial for Mr. Fulmore to cure the prejudice he has caused, M&M was on notice that Mr. Makin was a potential witness with knowledge of Mr. Fulmore's claims. Moreover, the alleged wrongdoer, Mr. Brennan, is an employee of M&M and is M&M's own witness. Therefore, there is some ability for Mr. Fulmore to cure the prejudice.

Third, the Court does acknowledge that M&M operated under the presumption that supervisory racial harassment was not an issue to be litigated at trial. Because the introduction of this issue changes the legal analysis for Mr. Fulmore's hostile work environment claim, the Court will order Mr. Fulmore to produce to M&M a summary of the allegations and anticipated content of Mr. Makin's testimony regarding Mr. Brennan, by noon on <u>Friday, August 2, 2013</u>. This should spare the trial any disruption and still provide time for M&M to prepare a response to Mr. Fulmore's position. Additionally, Mr. Fulmore shall make his witness, Amin Makin, available for questioning should M&M elect to examine the witness prior to trial. These measures should cure the likelihood of disruption to the trial.

Fourth, although Mr. Fulmore's failure to fully respond to M&M's interrogatory requests is discouraging, the Court does not find any bad faith or willfulness. There is no indication that Mr. Fulmore plotted to keep M&M in the dark about his true claims, nor has M&M raised a bad faith argument.

Having determined that Mr. Fulmore's failure was in part justified, the Court also finds that M&M's objection is not frivolous. M&M is subjected to some prejudice and surprise by the late disclosure of Mr. Brennan's alleged wrongdoing; therefore, M&M's objection is not frivolous.

As a final note, the Court reiterates that Mr. Fulmore may not introduce any evidence that Mr. Brennan took actions resulting in disparate treatment or retaliation, consistent with the Court's Entry on Partial Summary Judgment (Dkt. 62) and Entry on Motions *in Limine* (Dkt. 110).

### III. CONCLUSION

For these reasons, the Court will **OVERRULE** M&M's objection (Dkt. 113). The parties will be allowed to submit evidence and litigate Mr. Fulmore's hostile work environment claim as it relates to Mr. Fulmore's coworkers and a supervisor. However, Mr. Fulmore is **ORDERED** to produce a summary of the allegations and anticipated content of Amin Makin's testimony by noon on Friday, August 2, 2013. Further, Mr. Fulmore shall make his witness, Amin Makin, available for questioning should M&M elect to examine the witness prior to trial.

SO ORDERED.

Date: 07/31/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Richard L. Darst
COHEN GARELICK & GLAZIER
rdarst@cgglawfirm.com

Melissa S. Vare
JACKSON LEWIS LLP
varem@jacksonlewis.com

Michael W. Padgett
JACKSON LEWIS LLP
padgettm@jacksonlewis.com

Craig W. Wiley
JACKSON LEWIS LLP - Indianapolis
craig.wiley@jacksonlewis.com