UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARL S. FULMORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:11-cv-00389-TWP-TAB |
| | ) |
| M & M TRANSPORT SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON MOTION TO STAY AND
MOTIONS TO APPROVE *SUPERSEDEAS* BONDS**

This matter is before the Court on Defendant M&M Transport Services, Inc.'s ("M&M Transport") Motion to Stay Execution of Judgment (Dkt. 138), Motion to Approve *Supersedeas* Bond in the Amount of $500,000.00 (Dkt. 139) and Motion to Approve *Supersedeas* Bond in the Amount of $3,000,000.00 (Dkt. 145). For the reasons discussed below, M&M Transport's Motions are **GRANTED in part.**

**I. DISCUSSION**

Following trial, a jury entered a verdict in the amount of $400,000.00 in compensatory damages and $2,850,000.00 in punitive damages on Plaintiff Carl S. Fulmore's ("Mr. Fulmore") claim for harassment on the basis of race and $113.00 under the Indiana Wage Claims Statute. Thereafter, the Court entered judgment on the verdict (Dkt. 132). Because M&M Transport is preparing post-trial motions under Rule 50(b) for judgment notwithstanding the verdict, and under Rule 59 for a new trial and, in the alternative, for remittitur of the compensatory and punitive damage award, it has moved the Court to stay execution of the judgment and allow posting of *supersedeas* bond in the aggregate amount of $3,500,000.00. Specifically, M&M Transport proposes to secure a bond in the amount of $500,000.00 issued by Vigilant Insurance

Company ("Vigilant") and a separate bond in the amount of $3,000,000.00 issued by Corepoint Insurance Company ("Corepoint").

Mr. Fulmore objects to any stay of the judgment on the basis that he does not believe the jury's verdict should be altered. Further, he objects to the bond posting scheme offered by M&M Transport and alleges while Vigilant is a reputable bonding company, the soundness of Corepoint is poor. Mr. Fulmore asserts that Corepoint "does not have as good a history" as Vigilant.

On appropriate terms for the opposing party's security, the court may stay the execution of a judgment—or any proceedings to enforce it—pending disposition of any of the following motions: (1) under Rule 50, for judgment as a matter of law; (2) under Rule 52(b), to amend the findings or for additional findings; (3) under Rule 59, for a new trial or to alter or amend a judgment; or (4) under Rule 60, for relief from a judgment or order. Fed. R. Civil P. 62. Rule 62(b) does not provide independently for a stay of judgment, but rather gives the district judge authority to stay the underlying judgment only while considering post-trial motions. Notably, M&M Transport has not yet filed the listed motions, but as indicated above, is preparing motions to submit by the deadline of September 3, 2013. The purpose of a Rule 62(b) *supersedeas* bond serves the interest of both parties only during post-trial proceedings. If said post-trial motions are not filed by or on September 3, 2013, a stay will not be appropriate. That said, the Court, in its discretion, finds M&M Transport's Rule 62(b) motion to stay should be granted, contingent on the submission of said motions.

Additionally, the Court grants M&M Transport's motions to approve *supersedeas* bonds, totaling $3,500,000.00. Mr. Fulmore's objections are not supported by law. As of July 1, 2013, Corepoint, the surety of $3,000,000.00, is approved by the United States Department of the

Treasury as a surety, pursuant to 31 U.S.C. § 9304. (*See* Dkt. 150-1). Mr. Fulmore has not put forth evidence that undermines this approval. Therefore, the proposed bonds are approved and M&M Transport has proposed sufficient security supporting its request for a stay of the judgment.

## II. CONCLUSION

Accordingly, the Court hereby accepts M&M Transport's *supersedeas* bond in the aggregate amount of $3,500,000.00. However, M&M Transport must file its anticipated motions and the *supersedeas* bonds by or on September 3, 2013. Once they are filed, the Court will enter a stay of judgment pending disposition of the anticipated post-trial motions. If M&M Transport does not file its anticipated motions and the *supersedeas* bonds by or on September 3, 2013, no stay will be granted. A ruling on the Motion to Stay Execution of Judgment (Dkt. 138) is deferred.

M&M Transport's Motion to Approve *Supersedeas* Bond in the Amount of $500,000.00 (Dkt. 139) and Motion to Approve *Supersedeas* Bond in the Amount of $3,000,000.00 (Dkt. 145) are **GRANTED**.

**SO ORDERED.**

Date: 08/29/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Richard L. Darst
COHEN GARELICK & GLAZIER
rdarst@cgglawfirm.com

Melissa S. Vare
JACKSON LEWIS LLP
varem@jacksonlewis.com

Michael W. Padgett
JACKSON LEWIS LLP
padgettm@jacksonlewis.com

Craig W. Wiley
JACKSON LEWIS LLP - Indianapolis
craig.wiley@jacksonlewis.com